IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RHEASHAD LAMAR LOTT, ) | |
|     #1596571, ) | |
|         Plaintiff, ) | |
| vs. ) | No. 3:19-CV-0126-G-BH |
| ) | |
| E. OSEGUERA, et al., ) | |
|         Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

### I.  BACKGROUND

Rheashad Lamar Lott (Plaintiff) sues two Garland Police Department detectives under 42 U.S.C. § 1983 for alleged violation of his civil rights. (*See* doc. 3.) He claims that on May 27, 2008, one of the detectives entered a false arrest warrant for Plaintiff into the police database. Plaintiff was falsely arrested and taken for a photo lineup. After witnesses identified him, a magistrate judge issued another arrest warrant on May 29, 2008. Another detective issued a public media release that stated that Plaintiff was arrested on a valid probable cause arrest warrant on May 28, that he was a suspect in a case, and that he would be arraigned. Plaintiff was arraigned two days later. He appears to raise a claim of false arrest. (*See* doc. 3 at 4.)[1] He seeks monetary damages. (*See id.*) No process has been issued in this case.

### II.  PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983.  It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

## IV.  STATUTE OF LIMITATIONS

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B).  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period.  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit.  *Id.; accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date.  *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008).  Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief."  *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"  A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions."  A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim.  Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citations omitted); *Walker*, 550 F.3d at 414.  Plaintiff's cause of action accrued, and the limitations period began to run, when he knew or

had reason to know of the injury that is the basis of his action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). A false arrest claim accrues when the plaintiff "becomes detained pursuant to legal process." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Typically, that is when the plaintiff is "bound over by a magistrate or arraigned on charges." *Reed v. Edwards*, 487 F. App'x 904, 905 (5th Cir. 2012) (quoting *Wallace*, 549 U.S. at 389-90).

Here, Plaintiff was allegedly arrested on May 28, 2009, under the warrant a detective entered, and he was arraigned two days later, on May 30, 2008. The claims regarding his arrest accrued on May 30, 2008, when he was arraigned. His claims regarding the detective's May 28, 2008, statement also accrued no later than the date of arraignment on May 30, 2008. Because Plaintiff filed his complaint more than ten years later, on January 4, 2019, his claims are barred by the statute of limitations, absent equitable tolling.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Plaintiff does not allege any basis for equitable tolling. He has not shown that he has diligently pursued his claims, and he has not shown extraordinary circumstances that warrant equitable tolling. A complaint that is barred by the statute of limitations is frivolous and fails to state a claim. *See Pantoja v. Fort Worth Texas Police Dept.*, 543 F. App'x 379, 379-80 (5th Cir. 2013) (affirming district court's dismissal of time-barred complaint as frivolous and for failure to state a claim).[2]

## IV. RECOMMENDATION

Plaintiff's complaint should be dismissed with prejudice as frivolous and for failure to state a cause of action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 30th day of January, 2019.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] It is not clear whether Plaintiff was convicted of any offense as a result of the arrest, so the Court cannot determine whether the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). Regardless, because the issues in this case are appropriate for early and final determination, consideration of whether *Heck* bars Plaintiff's claims is not required. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

[3] Even if the prior dismissal of Plaintiff's claims against the prosecutors did not count as a strike, a dismissal of his remaining claims as *Heck*-barred would count as a strike. *See Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir.1996) (stating that a § 1983 claim which falls under the rule in *Heck* is legally frivolous).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE